986 F.2d 546
 300 U.S.App.D.C. 83
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Progressive Cellular III B-3, Appellant
v.
Federal Communications Commission, Appellee
 No. 92-1006.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 2, 1993.
Rehearing En Banc Denied April 7, 1993.
 
 1
 Appeal from an Order of the Federal Communications Commission
 
 
 2
 F.C.C.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: MIKVA, Chief Judge; SILBERMAN AND RANDOLPH, Circuit Judges
 
 JUDGMENT
 
 5
 This appeal from an order of the Federal Communications Commission (Commission or FCC) was considered on the record and on the briefs and oral argument of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c).
 
 
 6
 Progressive Cellular III B-3 (Progressive) appeals the FCC's decision to dismiss its cellular application because it violated the Commission's rule against cross-ownership, 47 C.F.R. § 22.921(b)(1). Progressive contends that although the names of two of its partners were listed as partners in a competing application, such listing was inaccurate under relevant state partnership law, and that even if the listing was accurate, because the violation of the cross-ownership rule was unintentional and due to the wrongful actions of a third party, the Commission's failure to grant a waiver of its rule was arbitrary, capricious, and not in accordance with law.
 
 
 7
 We conclude that the FCC did not have a duty to investigate the reasons for the flawed application, or grant a waiver simply because the violation of the rule was unintentional or not the fault of the appellant. This Court has repeatedly upheld the FCC's rigorous enforcement of its "hard-nosed rules," even where enforcement produces a harsh result, so long as there is "explicit notice of all applicable requirements." See Florida Institute of Technology v. FCC, 952 F.2d 549, 550 (D.C.Cir.1992). Since Progressive concedes that it had notice of the rule against cross-ownership, it is
 
 
 8
 ORDERED and ADJUDGED that the Commission's decision be affirmed.
 
 
 9
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).